UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) SHEPPARD LOGISTICS, LLC,          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )   Case No.:___CIV-24-177-GLJ___
                                      )   (*formerly Pittsburg County District*
(2) PROGRESSIVE NORTHERN             )   *Court; Case No.:  CJ-2023-217*)
INSURANCE COMPANY, and               )
(3) INDEPENDENT INSURANCE            )
AGENCY, LLC,                          )
                                      )
              Defendants.             )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance

Company (hereinafter "Progressive"), hereby removes the above-captioned action from the District

Court in and for Pittsburg County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2, the

State Court docket sheet, as well as a copy of all documents filed or served in the state court action,

are attached hereto as **EXHIBITS 1-12**.

Removal of this matter is proper because the amount in controversy exceeds the jurisdictional

amount required by 28 U.S.C. §1332, and – disregarding the fraudulently joined Defendant,

Independent Insurance Agency, LLC – complete diversity exists.  In support hereof, Progressive

submits the following:

### ALLEGED FACTUAL BACKGROUND

1.      Plaintiff, Sheppard Logistics, LLC (hereinafter "Plaintiff"), commenced this action

against Defendants, Progressive Northern Insurance Company and Independent Insurance Agency,

LLC, in the District Court of Pittsburg County, State of Oklahoma on August 23, 2023.  Therein,

Plaintiff asserts garden variety theories of liability of breach of contract and bad faith against Defendants. (*See* generally, Petition, **EXHIBIT 2**.)

2. Specifically, Plaintiff alleges that on August 25, 2021, one of Plaintiff's trucks was involved in a collision and sustained property damage. (*See* Petition, ¶ 5, **EXHIBIT 2**.)

3. A copy of the Official Oklahoma Traffic Collision Report for the August 25, 2021 accident is attached as **EXHIBIT 13**. As noted therein, Danny McIntyre and John Dowlen were involved in an automobile accident in Seminole County. John Dowlen was an employee of Plaintiff. Mr. Dowlen was driving a 2018 Kenworth T880 (hereinafter "2018 Kenworth"), with the listed owner as Sheppard Logistics, LLC. The VIN number was listed as 1XKZD49X0J1207254.

4. Plaintiff alleges in its Petition that it bought insurance from Progressive in order to cover its fleet of trucks, including the 2018 Kenworth involved in the August 25, 2021 accident. (*See* Petition, ¶ 4, **EXHIBIT 2**.)

5. It is undisputed that the 2018 Kenworth Mr. Dowlen was driving at the time of the accident was not a listed vehicle on the policy of insurance with Progressive at the time of the accident. (*See* Mr. Sheppard's deposition transcript p.189:19-22, **EXHIBIT 14.**) The simple reason being that Plaintiff never asked Progressive to insure the 2018 Kenworth. (*See* Mr. Sheppard's deposition transcript p.79:19-23, **EXHIBIT 14.**)

6. According to Plaintiff, Progressive denied Plaintiff's submitted collision claim for property damage to the 2018 Kenworth. (*See* Petition, ¶ 6, **EXHIBIT 2**.) As the 2018 Kenworth was not listed on the policy of insurance with Progressive at the time of the August 25, 2021 accident, Plaintiff takes the position that there are provisions in the Progressive policy that require Progressive to pay for the property damage sustained in the August 25, 2021 accident. Specifically, Plaintiff

claims that the 2018 Kenworth should have been considered a temporary substitute automobile. (*See* Petition, ¶ 8, **EXHIBIT 2**.)

7. Concerning the fraudulently joined Defendant, Independent Insurance Agency, LLC, Plaintiff alleged in the alternative that its insurance agent was told prior to August 25, 2021, that the subject 2018 Kenworth was a part of Plaintiff's vehicle fleet. Thus, Plaintiff took the position that its insurance agent should have added the 2018 Kenworth to the policy prior to the accident. (*See* Petition, ¶ 9, **EXHIBIT 2**.) Because of the agent's alleged failure to notify Progressive that the 2018 Kenworth was a part of Plaintiff's fleet, Plaintiff sought damages from Independent Insurance Agency, LLC. (*See* Petition, ¶ 11, **EXHIBIT 2**.) Importantly, this is the only allegation Plaintiff asserts against Independent Insurance Agency, LLC.

8. Plaintiff was required by Oklahoma law to state in its Petition whether it was seeking more or less than $75,000.00. This, Plaintiff did not do. Instead, Plaintiff generically alleged damages for repairs to the truck, attorney fees, punitive damages, loss of income, pain and suffering, and other actual damages. (*See* Petition, ¶¶ 10, 11 and Wherefore Clause, **EXHIBIT 2**.)

## JURISDICTION

9. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist either federal question jurisdiction or diversity jurisdiction.

10. Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group*, *L.P.,* 541 U.S. 567, 571-72 (2004).

11.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally*, Petition, **EXHIBIT 2**.)

12.     Nevertheless, pursuant to 28 U.S.C. § 1332(a), this is a civil action over which this Court has original jurisdiction.  Disregarding the non-diverse Defendant, who Progressive submits was fraudulently joined, the remaining parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### COMPLETE DIVERSITY EXISTS

13.     For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed a citizen of any state by which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c).  While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's headquarters or "nerve center." *Hertz Corp. v. Friend*, 599 U.S. 77, 93 (2010).

14.     At the time of filing, Progressive Northern Insurance Company was a foreign corporation, organized under the laws of the State of Wisconsin and with its "nerve center" or "principal place of business" in the State of Ohio. (*See* Annual Statement, **EXHIBIT 15**.) Progressive Northern Insurance Company was not a citizen of the State of Oklahoma.

15.     For purposes of diversity jurisdiction, the citizenship of an unincorporated entity is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.*, 110 S. Ct. 1015, 1021 (1990); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

4

16.     At the time of filing, Plaintiff was comprised of only one member: Dustin Sheppard. Mr. Sheppard is a resident of Oklahoma now and when the Petition was filed. (*See* Sheppard's deposition transcript, p 5:19-24 and p 6:4-25, **EXHIBIT 14**.)

17.     Defendant, Independent Insurance Agency, LLC, is likewise comprised of only one member: Cheri Ellis. Ms. Ellis is a resident of Oklahoma now and when the Petition was filed. (*See* Secretary of State filings, **EXHIBIT 16**.) Nevertheless, as shown below, Independent Insurance Agency was fraudulently joined for the purpose of defeating diversity jurisdiction. As such, Independent Insurance Agency, LLC, may be disregarded for purposes of diversity jurisdiction. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 D. App'x 732, 739 (10th Cir. 2010) (stating that "[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.")

18.     Disregarding the fraudulently joined Defendant, the complete diversity requirement of 28 U.S.C. § 1332 is met.

19.     28 U.S.C. § 1446 generally requires that all defendants in multi-defendant cases join in the petition for removal or consent to such action. There are, however, exceptions to this rule. One such pertinent rule states that a removing defendant need not obtain a fictitious, nominal, or fraudulently joined defendant's consent before removing the action. *Howard v. Bostrom,* 2007 Wl 3046446, *1 (N.D. Okla. Oct. 16, 2007)(citing *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.,* No. 04-1377-JTM, 2005 WL 1153600, at *1-2 (D. Kan. May 16, 2005)("[E]xceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants.")); *Glendening v. Genuine Parts Co., Inc.,* 960 F. Supp. 243, 244 (D. Colo. 1997)("The exceptions [to unanimity] include unknown or nominal parties, defendants who have been fraudulently joined, or non-resident defendants who have not been served at the time of removal."); *Scheall v. Ingram,* 930 F. Supp.

1448, 1449, n.1 (D. Colo. 1996); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 & n.4 (3d Cir. 1995); *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1045 & n. 5 (E.D. Pa. 1989)(citing *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1447 & n.4 (N.D. Ill. 1987) ("There are exceptions to this requirement [unanimity], not applicable to this case, where a non-joining defendant is an unknown or nominal party or where a defendant is fraudulently joined.").

20.     As such, all necessary defendants have joined in or consent to this removal.

## THE FRAUDULENT JOINDER STANDARD

21.     Any defendant who has been improperly or fraudulently joined should be ignored for diversity purposes. *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013)(citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881 (10th Cir. 1967)). "It has long been held that the right of removal cannot be defeated by 'a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp.2d 1081, 1085 (D. Kan. 2006); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

22.     Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Id.*; *Kretchmar v. American Honda Motor Co., Inc.*, Case No. CIV-08-1075-W, 2009 WL 10671684, at *1 (W.D. Okla. Jan. 29, 2009) ("'When speaking of jurisdiction, 'fraudulent' is a term of art. Although false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives'")(citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)(internal citations omitted)).

6

23.    The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *See Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38, 66 L. Ed. 144 (1921); *see also McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992)(removal should be "fair to both plaintiffs and defendant alike" because the right of removal is "at least as important as the plaintiff's right to the forum of his choice.")

24.    As the removing party, Progressive bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Progressive also bears a "heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher* at 988.

25.    Assuming, as is the case here, that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendants. *Dutcher* at 988 ("'To establish fraudulent joinder, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdiction facts, at (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp.2d 1272, 1276 (N.D. Okla. 2006)("[I]n order to prove fraudulent joinder, Defendants must show that Plaintiffs either (1) committed outright fraud in pleading the jurisdiction facts, or (2) have no possibility of recovery against the non-diverse Defendants.")

26.    In *Slover*, the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1113 (D. Colo. 2000). Thus, the Court may consider certain underlying facts–such as the insurance policy at issue here–to determine whether the non-diverse parties are proper. *Smoot v. Chi. Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiff's favor. *Matrin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

*Slover* at 1276. In cases where fraudulent joinder is claimed, the Tenth Circuit has directed courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZenica Pharmaceuticals, Inc.*, 203 Fed. App'x 911, 913 (10th Cir. 2006) (quoting *Dodd v. Fawcett Publ'ns Inc.*, 329 P.2d 82, 85 (10th Cir. 1964)); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246-47 (5th Cir. 2000) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.").

27. As recently explained by Judge Heil, "'The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the 'inability of the plaintiff to establish a cause of action against the non-diverse party.' *Mayes Cty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, Case No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *2 (N.D. Okla. Oct. 19, 2020). However, '[w]here the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the non-diverse defendant was impossible as a matter of law.' *Id.* 'Therefore, in the interests of clarity, and consistent with Tenth Circuit precedent,' Oklahoma federal district courts require 'that, in order to demonstrate

8

inability of the plaintiff to establish a cause of action against the non-diverse party in state court, the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant.' *Id. See also, e.g., S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022); *Floyd v. B.P. p.l.c.*, Case No. 21-CV-132-GKF-CDL, 2021 WL 6064037, at *2 (N.D. Okla. Dec. 22, 2021); *Crabb v. CSAA Gen. Ins. Co.*, Case No. CIV-21-0303-F, 2021 WL 3115393, at *2 (W.D. Okla. July 22, 2021); *Hicks v. FG Mins. LLC*, Case No. CIV-19-203-TDD, 2020 WL 2104928, at *2 (E.D. Okla. May 1, 2020). This 'nonliability ... must be established with complete certainty, which is a 'more exacting [standard] than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6).' *Hicks*, 2020 WL 2104928 at *2 (quotation omitted); *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964)." *Smith v. American Economy Ins. Co.*, Case No. 23-CV-264-JFH, 2024 WL 1618351, at *2 (E.D. Okla. Apr. 15, 2024).

28.    "If the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id.* at 1279; *McDaniel v. Continental Casualty Co.*, 2018 WL 8758739, at *4 (W.D. Okla. Feb. 16, 2018).

### INDEPENDENT INSURANCE AGENCY, LLC, WAS FRAUDULENTLY JOINED

29.    As set forth above, Plaintiff has filed a generic breach of contract and bad faith lawsuit against Progressive Northern Insurance Company based upon a disagreement as to the policy language concerning whether the 2018 Kenworth was a temporary substitute automobile on August 25, 2021.  However, in an attempt to prevent Progressive from removing the lawsuit to federal court, Plaintiff named its own agent, Independent Insurance Agency, LLC, as a Defendant.  The addition of Independent Insurance Agency, LLC destroyed diversity.

30.     As also set forth above, Independent Insurance Agency, LLC, was only named as a Defendant in this matter because Plaintiff asserted in the Petition that it told Independent Insurance Agency, LLC to add the 2018 Kenworth to the policy of insurance with Progressive prior to August 25, 2021.

31.     The deposition of Dustin Sheppard took place on **April 18, 2024**.  Dustin Sheppard is the owner and only member of Sheppard Logistics, LLC.  (*See* Sheppard's deposition transcript, p 5:19-24, **EXHIBIT 14**.)  In his deposition, Mr. Sheppard testified that he never told Progressive that he wanted the 2018 Kenworth added to the policy prior to August 25, 2021.  (*Id.*, p 79:19-23 and p. 80:17-21, p 125:14-18.)

32.     Importantly, Mr. Sheppard also admitted in his deposition that he did not request Independent Insurance Agency, LLC, to add the 2018 Kenworth to the policy of insurance with Progressive until after the August 25, 2021 accident. (*Id.*, p 232:12-21.)

33.     It is now abundantly clear that Plaintiff cannot maintain a state law claim against Independent Insurance Agency, LLC, given Plaintiff admits Independent Insurance Agency, LLC, did nothing wrong.  As a result, Independent Insurance Agency, LLC, has been fraudulently joined.

34.     As Defendant, Independent Insurance Agency, LLC, has been improperly joined, its state of residency should be ignored for jurisdiction purposes.  As such, complete diversity of citizenship exists and Progressive's removal is proper.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

35.     Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the instant case, this requirement is also met.

36.    Plaintiff's Petition, on its face, places the value of the 2018 Kenworth as the contractual damages at issue.[1]  (*See generally* Petition, **EXHIBIT 2**.)

37.    It is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement."  *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006).  In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014); *see also Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. Sept. 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

_____

[1] Plaintiff's Petition does not comply with Oklahoma's Pleading Code.  Title 12 O.S. § 2008 provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract.  **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).

11

38.    "The United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

39.    If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).  When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

40.    The United States District Court for the Northern District of Oklahoma has opined as follows:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court . . . . If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  This provision, added to § 1446, clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged . . . .

12

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Klementovicz v. State Farm*, Case No. 19-CV-29-JED-FHM, 2019 U.S. Dist. LEXIS 51650, at *3-4 (N.D. Okla. Mar. 27, 2019)(citing *Dark Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553-54 (2014)(internal citations omitted)(emphasis added)).

41.     It is clearly apparent from Plaintiff's Petition that it may plausibly recover a sum in excess of the amount required for federal diversity jurisdiction. This satisfies the monetary requirement for removal. Although Plaintiff's Petition does not explicitly state it is or is not seeking in excess of $75,000.00 (in violation of Oklahoma law), it is obvious that Plaintiff is seeking greater than $75,000.00 from Progressive.

42.     Mr. Sheppard testified in his deposition that Plaintiff is seeking in this lawsuit $48,961.79 for damages to the 2018 Kenworth and $1,100 for the tow bill. Plaintiff is also seeking $73,275.58 for loss of use/downtime. (*See* Mr. Sheppard's deposition transcript p.180:5 – 182:3, **EXHIBIT 14.**)

43.     Plaintiff claims not only an unspecified amount in contractual damages in the Petition, but it also seeks attorney fees as well. "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins*. Co., 143 F.3d 1337, 1340 (10th Cir. 1998).

44.     36 Okla. Stat. § 3629 allows Plaintiff (or Defendant) to recover its attorney fees in this matter. According to the statutory language:

> A.     An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by

13

such insurer, forms of proof of loss for completion for such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

B.     It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of his section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict as to rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

36 Okla. Stat. § 3629.

45.     Attorney's fees alone in other cases have met or exceeded the $75,000.00 threshold. Indeed, in one of counsel for Progressive's cases involving bad faith, breach of contract, and punitive damages, the plaintiff was the prevailing party on the contract claim. *See* Judgment, *Harris v. Progressive Direct Ins. Co.*, Case No. 5:15-CV-01252, Docket No. 139, attached as **EXHIBIT 17**. Although the plaintiff in that case recovered just $5,500.00 in actual damages for damage to a vehicle, plaintiff's counsel sought $137,625.00 in attorney's fees. *See* Application for Attorney's Fees, *Harris*, Docket No. 148, attached as **EXHIBIT 18**.[2] *See also Barnes v. Okla. Farm Bureau*, 11 P.3d 162 (Okla. 2000) (attorney fee of $300,000.00 awarded, reversed on appeal only because 36 Okla. Stat. § 3629(B) specifically prohibits attorney fee awards on UM claims); *Hambleton v. Canal Ins. Co.*, United States District Court for the Western District of Oklahoma, Case No. 09-cv-208-F,

---

[2]The Application was denied. Progressive's Application was granted and Progressive was awarded $131,462.00 in attorney fees. *See* **EXHIBIT 19**.

Docket No. 94, attached as **EXHIBIT 20** (Judge Friot awarded $72,982.50 in attorney fees pursuant to a § 3629 request on only $5,366.98 in contract damages).

46.     In addition to contractual damages and attorney fees, Plaintiff also seeks compensatory damages for Defendant's alleged bad faith claims handling. Consistent with Oklahoma law, at trial Plaintiff would be allowed to seek bad faith damages for: (1) financial losses and (2) loss of reputation. *See* Oklahoma Uniform Jury Instruction 22.4.

47.     As the Court is well aware, awards in lawsuits for unspecified amounts of compensatory damages, when concerning bad faith claims, frequently exceed the sum and value of $75,000.00, exclusive of interest and costs. *See Hellard v. Mid Century Ins. Company*, CIV-19-43-GKF, N.D. Okla. (bad faith award of $800,000.00 in August 2021); *Norris Auto Sales, LLC v. Zurich American Ins. Company*, Oklahoma County, CJ-2015-5686 (compensatory bad faith damages of $9,000,000.00 and punitive damages of $18,000,000.00 awarded by a jury in October 2021); *Swain v. United Automobile Ins. Company*, Sequoyah County, CJ-2012-222 (compensatory bad faith damages of $25,000.00 and punitive damages of $500,000.00 awarded in October 2021).

48.     Finally, Plaintiff has asserted a claim for punitive damages against Defendant. (*See* Petition, WHEREFORE CLAUSE, **EXHIBIT 2**.) When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *see also Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

49.    Punitive damages have been alleged and are allowed by state law.  *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1105 (Okla. 2005) ("As applicable to this case, 23 O.S. 2001, § 9.1 provides that a jury may award punitive damages if it finds, by clear and convincing evidence, that an insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured [§ 9.1(B)] or an insurer has intentionally and with malice breached said duty. § 9.1(C)(2).")  Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff

16

would **under no circumstances** be entitled to recover the jurisdictional amount." 230 F.3d at 978 (emphasis added, internal quotations omitted).

50.    In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that implicates at least Category I Punitive Damages. Category I punitive damages allows a jury upon finding that "the defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00, or the amount of actual damages awarded. 23 O.S. § 9.1(B).

51.    *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla. 2014) is particularly instructive. In that case, the plaintiff was involved in an automobile accident and sought UM/UIM benefits from her insurer. The plaintiff submitted a claim to her insurer and demanded policy limits. *Id.* at 990. After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM/UIM coverage. *Id.* Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith. *Id.* The plaintiff also sought punitive damages. As in this case, the plaintiff did not make a demand for a specific sum. *Id.* Instead, the plaintiff alleged that she suffered damages in excess of $10,000.00. *Id.*

52.    When the plaintiff continued to pursue her claims against her insurer, the insurer timely removed the action to this Court. The insurer asserted the plaintiff's policy limits demand combined with her request for punitive damages demonstrated to a preponderance of the evidence that she sought to recover in excess of $75,000.00. *Id.* at 993. The plaintiff moved to remand the case. The Court denied the plaintiff's motion. *Id.* at 993-94. In doing so, the Court concluded:

> Considering the petition and notice of removal together, the court
> finds that [the insurer] has not merely offered a "conclusory

17

statement" involving punitive damages, but has affirmatively established that the amount in controversy exceeds the jurisdictional limit. Where [the plaintiff] asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold. This would require no more than a single-digit ratio of punitive damages to actual damages, even after [the insurer] deflated the denominator with a $100,000 payment just prior to the initiation of this action. [The plaintiff's] petition, meanwhile, alleges that [the insurer] failed to properly investigate her claim, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. **These allegations supply the required facts supporting [the insurer's] assertion that <u>the value of [the plaintiff's] claim for punitive damages</u> exceeds the amount required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

53.     Here, as in *Singleton*, Plaintiff asserts claims for punitive damages. Also like the plaintiff in *Singleton*, it appears Plaintiff has attempted to avoid this Court's jurisdiction by alleging damages in an undisclosed amount. However, is this court is well aware, at trial, Plaintiff clearly intends to seek damages in excess of $75,000.00. *See Murchinson v. Progressive Northern Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. The court *knows* that the parties themselves know it.")

54.     Progressive has demonstrated that amount in controversy exceeds $75,000.00 and Plaintiff *could* recover in excess of $75,000.00. At a minimum, there is no question Plaintiff is seeking approximately $50,061.79 in contractual damages and $73,275.58 in compensatory bad faith damages, plus punitive damages and attorney fees.

55.     Therefore, the amount in controversy is also met.

18

**REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE**

56.     This Notice of Removal is timely filed. As shown above, 28 US.C. § 1446 requires that no more than 30 days pass since the action became removable in order for a defendant to remove an action to federal court. *See* 28 U.S.C. § 1446 ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .")

57.     Here, Defendant first recognized Plaintiff's intent to fraudulently join Independent Insurance Agency, LLC, during Mr. Sheppard's deposition on April 18, 2024.  Accordingly, 30 days have not elapsed since this action became removable to this Court.   Thus, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

58.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of the action. (*See* generally, Petition, filed on August 23, 2023, **EXHIBIT 2**.)

59.     The pertinent language of 28 U.S.C. § 1446(a) provides that the Defendant shall file the Notice of Removal in "[t]he district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently this action is pending in the District Court in and for Pittsburg County, State of Oklahoma.  The Eastern District of Oklahoma includes the County of Oklahoma. 28 U.S.C. § 116(b).  Therefore, removal to this Court is proper.

60.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, the adverse party.  Additionally, a copy of this Notice will be filed with the Clerk of the District Court in and for Pittsburg County, State of Oklahoma.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Progressive Northern Insurance Company, submits that this matter should be removed to, and remain in, federal district court and that  Defendant,

Independent Insurance Agency, LLC, should be dismissed as it was fraudulently joined. There simply is no possibility that Plaintiff can recover against Independent Insurance Agency, LLC – a fact that Plaintiff knew when he filed the Petition but was unknown to Progressive until April 18, 2024.

Respectfully submitted,

*s/ Brad L. Roberson*

Brad L. Roberson, OBA No. 18819
Timothy J. Prentice, OBA No. 22689
Blake T. Burns, OBA No. 34621
ROBERSON, KOLKER, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:    brad@rkclaw.com
    tj@rkclaw.com
    blake@rkclaw.com
**ATTORNEYS FOR DEFENDANT,**
 **PROGRESSIVE NORTHERN**
 **INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Joseph M. Norwood, Esquire
John J. Bowling, Esquire
Jeff D. Scott, Esquire

*s/ Brad L. Roberson*
For the Firm

**CERTIFICATE OF SERVICE**

This certifies that on May 20, 2024, the above and foregoing instrument was delivered to the following parties:

Pam Smith, Court Clerk
Pittsburg County Courthouse
115 East Carl Albert Parkway
McAlester, Oklahoma 74501

*s/ Brad L. Roberson*
For the Firm

21