# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHEPPARD LOGISTICS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 24-CV-177-RAW-GLJ |
| | ) |
| **PROGRESSIVE NORTHERN** | ) |
| **INSURANCE COMPANY and** | ) |
| **INDEPENDENT INSURANCE** | ) |
| **AGENCY, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Sheppard Logistics, LLC's Motion to Remand. Plaintiff instituted this action in state court in Pittsburg County, Oklahoma against the above-named Defendants. Progressive Northern Insurance Company removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 19. For the reasons set forth below, the undersigned Magistrate Judge finds the Plaintiff's Motion to Remand to State Court [Docket No. 20] should be DENIED.

**Procedural History**

Plaintiff, an Oklahoma LLC with its principal place of business in Oklahoma, filed this action on August 23, 2023, in state court in Pittsburg County, Oklahoma, in Case No. CJ-2023-217. Plaintiff's sole member is an individual who is an Oklahoma citizen. *See* Docket No. 30. Plaintiff asserts claims against Progressive Northern Insurance Company for breach of contract and breach of the duty of good faith and fair dealing and against Independent Insurance Agency, LLC for failure to notify Progressive to add a truck to its insurance policy. *See* Docket No. 2, Ex. 2. On May 20, 2023, Progressive removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma and it is a foreign insurance company incorporated in the state of Wisconsin with its principal place of business in the State of Ohio. *See* Docket No. 2, ¶¶ 14-16. Although Independent was formed under the laws of the State of Oklahoma, its principal place of business is Oklahoma and its sole member is an Oklahoma citizen, Progressive asserts Independent was fraudulent joined by Plaintiff to defeat diversity jurisdiction and, therefore, Independent's domicile should not be considered for diversity jurisdiction purposes. *See* Docket No. 2, ¶¶ 29-34. Plaintiff moves to remand, asserting that Progressive failed to obtain consent for removal from Independent and that there is no diversity jurisdiction.

**Analysis**

I.   **Legal Standard**

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III,

§ 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936).  "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).  "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

**II.    Consent to Removal**

Plaintiff first argues that removal was defective because Progressive failed to get consent of all defendants as required by 28 U.S.C. § 1446(b)(2)(A).  Plaintiff argues that

because Progressive violated the unanimity rule for removal by not getting Independent's consent, the case should be remanded. Citing *Flowers v. Wagoner Cnty. Bd. Of Cnty. Comm'rs*, 2020 WL 5513402, at *2 (E.D. Okla. Sept. 14, 2020). Although Progressive acknowledges the unanimity requirement for removal, it argues that there is a well-established exception where the non-consenting party has been fraudulently joined. Citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993).

Progressive is correct that a defendant alleged to be fraudulently joined does not need to consent to removal. "It is a well settled rule that for a removal to be procedurally proper all defendants must consent to removal. The unanimity rule as it is often referred to 'requires that removal must fail unless all defendants join in the removal.' Exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined parties." *Fuller v. Bd of Cnty. Comm'rs of McCurtain Cnty., Okla.*, 2007 WL 2670091, at *1 (internal citations omitted). *See also Bryan Marr Plumbing, LLC v. EMCOR Facilities Services, Inc.*, 2020 WL 1043446, at n.2 (E.D. Okla. March 4, 2020) (an unserved defendant and/or a defendant who was allegedly fraudulently joined need not consent to the notice of removal) (citing *Coppedge v. Cabot Norit Americas, Inc.*, 2020 WL 967339, *2 (N.D. Okla. 2020)); *511 Couch LLC v. Travelers Prop. Cas. Co. of America*, 2015 WL 13567456, at *3 (W.D. Okla. Feb. 6, 2015) (citing 16 Moore's Fed. Prac., 107.11[1][d] (Matthew Bender 3d Ed.)).

Progressive clearly alleged in its Notice of Removal that Independent was fraudulently joined and, therefore, should be disregarded for diversity purposes. *See* Docket No. 2, ¶¶ 17 & 18. Indeed, Progressive specifically argued that Independent's

consent for removal was not required because it had been fraudulently joined. *Id*., ¶ 19. As such, Independent's consent to removal was not required and this matter should not be remanded on that basis.

### III.   Fraudulent Joinder

Progressive removed this action to federal court based on diversity jurisdiction. *See* Docket No. 2. It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). *See* Docket Nos 2, Ex. 2. Progressive argues that diversity exists as Independent is improperly joined because there is no reasonable basis to believe Plaintiff might succeed in its claim against Independent.

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)).

Progressive asserts Independent was fraudulently joined under the second prong. In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] *no possibility* of recovery" against the nondiverse defendant.

2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id*. at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).[1] Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

---

[1] *See*, *e.g.*, *Johnson v. State Farm Fire and Cas. Co.*, 2019 WL 5388521, at *2-3 (N.D. Okla. Oct. 22, 2019) (analysing the difference between the "no possibility of recovery" standard of *Montano* and the "reasonable basis" standard in *Nerad v. AstraZeneca Pharm*, 203 F. Appx. 911, 913 (10th Cir. 2006) and concluding that the "no possibility of recovery" standard in *Montano* is closely tracked by the reasoning in *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*. If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. *Rotan*, 83 P.3d at 895. Oklahoma courts agree that an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." *Id*.; *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002).

The Petition alleges Independent "was made aware of the truck that was in the subject collision as being part of Plaintiff's fleet before the subject collision occurred." *See* Docket No. 2, Ex. 2. The Petition further alleges that Independent "failed to notify Defendant Progressive" that the truck was part of Plaintiff's fleet and, as a result, "Plaintiff suffered damages[.]" *Id*. In his deposition, however, Lee Dustin Sheppard, the sole

member of Plaintiff, was at times somewhat equivocal as to whether he recalled notifying or requesting Independent to add the relevant truck to Plaintiff's insurance policy prior to the accident. For example, Mr. Sheppard testified he does not recall if he asked Independent to add the relevant truck to Plaintiff's insurance policy. *See* Lee Dustin Sheppard Deposition, Docket No. 26, Ex. 14 at p. 79, lns. 12-18. Similarly, Mr. Sheppard speculated that Independent must have mixed up the correct truck to add with a different truck. *Id*., p. 205, ln. 10 – p. 205, ln. 1. Mr. Sheppard also testified "I'm not going to say it's [the agent's] fault, no. I mean, accidents happen, obviously. Why you have insurance." *Id*. at p. 228, lns. 8-11. When pressed, however, Mr. Sheppard clearly testified he had no recollection of telling Independent to add the relevant truck to his policy and that Independent did not mess up. *Id*., p. 81, lns. 2-5 and p. 206, lns. 2-4. Moreover, Mr. Sheppard testified:

> Q   And you don't have a recollection of telling your insurance agent to add it prior to the accident?
>
> A   No.

*Id*. at p. 81, lns. 2-5.

> Q   I'm going to try to be as brief as I can, sir. So the vehicle that was involved in the accident was not reported to Independent Insurance Agency until after the accident; correct?
>
> A   Yes.
>
> Q   Okay. And on August 23, 2021, IIA sent you a list of vehicles that were listed, and obviously, had you known of the issue, you would have corrected the information to IIA; correct?
>
> A   Correct.

*Id*. at p. 232, lns. 12-21.

Plaintiff argues that Progressive has not met its heavy burden of demonstrating there is no possibility that Plaintiff can establish a cause of action against Independent. *See* Docket No. 20, p. 6. Plaintiff further argues that Progressive fails to identify what state law actions Plaintiff might have against Independent. Plaintiff's arguments fail. Plaintiff offers no authority supporting its argument that Progressive must identify potential claims Plaintiff may assert against Independent. Plaintiff has asserted its claim against Independent under the outer limits of permissible "notice" pleading by making the barebones allegation that it made Independent aware of the relevant truck and that Independent failed to notify Progressive that the relevant truck was part of Plaintiff's fleet. *See* Docket No. 2, Ex. 2. Thus, at most, Plaintiff alleges Independent negligently failed to procure insurance coverage for the relevant truck it identified to Independent. As is clear from Mr. Sheppard's testimony, however, Plaintiff never notified Independent of the relevant truck before the accident. It is well-established that if an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information, *Rotan*, 83 P.3d at 895, and an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." *Id*. Thus, it is undisputed that Plaintiff cannot establish that Independent owed it a duty and it has no possibility of recovery against the non-diverse Independent in state court. *See Miller*, 2016 WL 1464558, at * 1. Therefore, Plaintiff's motion to remand should be denied.

### IV.     Procedural Requirements of Removal

In its Notice of Removal, Progressive addresses the timing and the amount in controversy components of removal. Plaintiff does not appear to object to either in its Motion to Remand but the undersigned Magistrate Judge nonetheless addresses each because "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

"In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar*, 519 U.S. at 68–69. For the thirty-day period to begin to run, there must be "clear and unequivocal notice from the [initial] pleading itself." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). Thus, when "an initial pleading" is "ambiguous in that it did not provide unequivocal notice of the right to remove," the thirty-day period does not begin to run until the defendant receives unequivocal notice of the right to remove. *Id*. at 1035.

Plaintiff's petition facially alleged a negligence claim against Independent for failing to report the relevant truck to Progressive for inclusion on the policy and Independent is a non-diverse party. It was only during Mr. Sheppard's deposition on April 18, 2024, that it became clear and unequivocal to Progressive that Plaintiff has no possibility of recovery against Independent and removal was permitted because

Independent was fraudulently joined. Accounting for the thirtieth day ending on a weekend, Progressive filed its Notice of Removal within thirty days after Mr. Sheppard's deposition. *See* Docket No. 2. Therefore, the Notice of Removal was timely.

Subject-matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). 28 U.S.C. § 1446 establishes the procedural requirements for removal. Plaintiff's Petition did not comply with 12 O.S. § 2008 by specifying the amount of the damages it seeks to recover. *See* Docket No. 2, Ex. 2. Nonetheless, Progressive's Notice of Removal set forth factual allegations as to how the amount in controversy exceeds the $75,000 threshold. *See* Docket No. 2, ¶¶ 35-55. Where Plaintiff does not assert an amount in controversy, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Plaintiff does not contest, and the undersigned Magistrate Judges sees no basis to question, Progressive's assertion of the amount in controversy.

V.     **Attorney's Fees**

Plaintiff requests an award of its attorney's fees in the event the Motion to Remand is granted because Progressive's removal was wrong as a matter of law. Because the undersigned Magistrate Judges recommends that Plaintiff's Motion to Remand be denied, its attorney's fee request should also be denied.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand to State Court [Docket No. 20] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 18th day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**